# Reisman, Rubeo & McClure, LLP

-Attorneys & Counselors at Law-

| | | |
|---|---|---|
| Mark I. Reisman<br>Mark A. Rubeo, Jr.*<br>Christopher W. McClure | 151 Broadway<br>Hawthorne, New York 10532 | N.Y.C. Office:*<br>299 Broadway, 17th Floor<br>New York, NY 10007<br>(718) 678-8010 |
| Of Counsel:<br>Hon. Robert K. Holdman, (Ret)<br>Richard Altman, P.C. *<br>Maria C. Corrao ± | (914) 495-3050<br>(914) 495-3051 facsimile<br>www.rrmllp.com | *by appointment only |
| * admitted in NY, CT & DC<br>± admitted in NY & CT | All correspondence to our Hawthorne office. | |

April 17, 2014

Hon. Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**   **Olorode v. Streamingedge, Inc.**
           **Case No.: 11 CIV 6934 (GBD) (AJP)**

Dear Judge Peck:

  We represent Streamingedge, Inc., the defendant in the above referenced case. I acknowledge receipt of Attorney Costo's letter motion, dated April 17, 2014, requesting a thirty-day extension of time to file Mr. Olorode's papers in opposition to my client, Streamingedge's Motion For Summary Judgment. We object to this request and ask that it be denied in its entirety.

  While I have no desire to cause inconvenience to Mr. Costo, Mr. Olorode has already requested and received two extensions of time, of no less than four total weeks, to file his opposition papers. When the Court granted Mr. Olorode's most recent request, it was with the provision that no further extensions would be granted to Mr. Olorode.

  Moreover, Mr. Costo's allusion to the possible need to obtain documents from Mr. Olorode's prior attorneys, which were dealt with prior to Mr. Costo's entry into the case, as partial justification for this request has already been covered. Several months ago, Your Honor ordered me to obtain from Mr. Olorode's prior lawyers, a copy of a disk containing hundreds of documents, which we had previously provided to Mr. Olorode's prior lawyers, pursuant to an agreed upon e-discovery protocol. We promptly complied with that order and forwarded the disk to Mr. Olorode. Additionally, we promptly complied with another order of the Court, wherein we were required to provide additional copies of other documents that we had previously served upon Mr. Olorode's former lawyers. At this point, it is difficult to understand what else, if anything, Mr. Olorode needs to retrieve from his former lawyers and why he waited until one day prior to his aforementioned filing date to raise this issue again.

  While I try to be respectful of adversary litigants and their attorneys' vacation schedules, Mr. Olorode's instant request goes too far. I am writing this letter from my family vacation overseas.

*Hon. Andrew J. Peck*
*April 17, 2014*
*Page 2*

      When the Court permitted Mr. Olorode to file his papers tomorrow, that left me with four days from my return from vacation on April 21, 2014 to prepare and file Streamingedge's reply papers, which are due April 25, 2014.  I did not request additional time notwithstanding the tight time constraint and ask on behalf of my client that the rules be the same for both parties.

      Thank you.

                                         Respectfully,

                                             /s/

                                         Mark I. Reisman

MIR/nja

James R. Costo, Esq.
costolaw@gmail.com