

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
TAIWO OLORODE, :
                Plaintiff, :
: MEMORANDUM DECISION
     -against- : AND ORDER
: 11 Civ. 6934 (GBD)(AJP)
STREAMINGEDGE, INC., :
                Defendant. :
------------------------------------- x

GEORGE B. DANIELS, District Judge:

    Pro se Plaintiff Taiwo Olorode brings this action under the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the Fair Labor Standards Act ("FLSA"), and New York Labor Law. Compl. at 1 (ECF No. 1). Plaintiff alleges that his former employer, Defendant Streamingedge, Inc., discriminated against him on the basis of his national origin and retaliated against him for lodging complaints about Defendant's discriminatory practices in violation of NYSHRL and NYCHRL. *Id.* at 12-14. Plaintiff also asserts claims for breach of contract as well as violations of the FLSA and New York Labor Law entitling him to overtime payments. *Id.* at 15-17. Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* ECF No. 70. Before this Court is Magistrate Judge Peck's April 29, 2014 Report and Recommendation ("Report") in which he recommended that this Court grant summary judgment in favor of Defendant. *See* ECF No. 96. This Court adopts the Report in its entirety. Defendant's Motion for Summary Judgment is GRANTED.

    The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76

1

(1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). Nevertheless, even a pro se party's objections must be specific and clearly aimed at particular findings in the Report. *See Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Magistrate Judge Peck advised the parties that pursuant to 28 U.S.C. § 626(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, failure to file objections to the Report within 14 days would result in their waiver and preclude appellate review. *See* Report at 51-52. This Court granted Plaintiff's several requests for extensions of time to file objections, and Plaintiff filed timely objections on June 24, 2014. *See* Pl. Objections (ECF No. 100).[1] Plaintiff's objections restate his prayer for relief and attempt to raise new factual allegations that were not raised in the Complaint. *See, e.g.*, Pl. Objections at 5-6, 8. Such objections that are not clearly aimed at particular findings in the Report do not trigger *de novo* review. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). Further, "an objecting party may not raise new arguments that were not made before the Magistrate

---

[1] This Court granted Defendant an extension of time to file its response to Plaintiff's objection, and Defendant filed a timely response on July 18, 2014. *See* Def. Resp. (ECF No. 102). On July 24, 2014, Plaintiff requested a two-week extension of time to file a reply to Defendant's response. This Court granted Plaintiff an extension until August 4, 2014, as well as a subsequent and final extension of time until August 11, 2014, to file a reply. *See* ECF Nos. 103, 104. Plaintiff did not file a reply.

Judge." *Pagan v. Westchester Cnty.*, No. 12 Civ. 7669, 2014 WL 982876, at *3 (S.D.N.Y. Mar. 12, 2014) (citing *Robinson v. Keane*, No. 92 Civ. 6090(CSH), 199 WL 459811, at*4 (S.D.N.Y. June 29, 1999)). After considering Plaintiff's objections and Defendant's response, this Court adopts the thorough and well-reasoned Report in its entirety.

Magistrate Judge Peck correctly found that Defendant's Motion for Summary Judgment should be granted as to Plaintiff's claims under NYCHRL and NYSHRL because Plaintiff failed to establish a prima facie case of discrimination.[2] *See* Report at 25-37. Defendant concedes that Plaintiff was within a protected group, was qualified for the functions of his position, and suffered an adverse employment action. However, as Magistrate Judge Peck correctly found, the evidence offered by Plaintiff is "insufficient to create an inference that [Plaintiff's] treatment at Streamingedge was the product of discrimination" based on Plaintiff's national origin. *Id.* at 27.[3] Other than Plaintiff's conclusory statements, none of the alleged facts suggest that Plaintiff was discriminated against based on his national origin. *Id.*

Moreover, even assuming that Plaintiff had established a prima facie case of national origin discrimination, Plaintiff has failed to establish that the explanation given by Defendant for Plaintiff's termination is merely pretextual. As Magistrate Judge Peck stated in his Report, Defendant has met its burden of providing a legitimate non-discriminatory reason for Plaintiff's termination.[4] Report at 34-37. Plaintiff's discrimination claims are accordingly dismissed.

---

[2] To establish a prima facie case of discrimination under NYSHRL a plaintiff must show that he (1) was within a protected group, (2) was qualified for his position, (3) suffered an adverse employment action, and (4) the action took place under circumstances giving rise to an inference of discrimination. *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003) (citing *Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002)). NYCHRL applies the same standard, however under the NYCHRL, the adverse employment action need not be material. Instead, the plaintiff must simply show differential treatment that is "more than trivial, insubstantial or petty." *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 258 (E.D.N.Y 2012).

[3] Plaintiff's objections fail to point to any specific facts that were overlooked by Magistrate Judge Peck. Instead, Plaintiff's objections rehash the arguments made in his Complaint and restate facts already in the record. *See* Pl. Objections at 6-9. Plaintiff's objections are accordingly without merit. *See McDonaugh v. Astrue*, 672 F. Supp. 2d at 547.

[4] Streamingedge proferred legitimate reasons for terminating Plaintiff's employment. The evidence shows that Plaintiff did not work well with his colleagues, did not follow direction, was prone to outbursts and was habitually late for work. *See* Report at 10-13. The record also shows that Plaintiff was terminated as part of a company-wide downsizing. *Id.* at 13-14.

Magistrate Judge Peck also correctly concluded that Plaintiff's retaliation claim should be dismissed.[5] *See* Report at 38-42. Plaintiff alleges that he was terminated because he complained about menial tasks he was routinely required to perform. However, such complaints do not constitute protected activity for the purposes of a retaliation claim. *Id.* at 39. Further, even if Plaintiff had established that he engaged in protected activity, Plaintiff has failed to establish any causal relationship between his complaints and Defendant's alleged retaliatory actions. *Id* at 39-42. Plaintiff's retaliation claim is accordingly dismissed.

Magistrate Judge Peck also correctly dismissed Plaintiff's claims for overtime under the FLSA and New York Labor Law. Report at 42-49. Both statutes apply exemptions from overtime requirements for employees who are statutorily defined as "Computer Systems Analysts." *See* Report at 44. Magistrate Judge Peck correctly concluded that Plaintiff was an exempt employee under FLSA and New York Labor Law. *Id.* at 47 (noting that "it is clear that the primary purpose of Olorode's role was to provide critical network and software support to [Streamingedge's] client's brokers, and these duties are consonant with those of exempt computer employees").[6]

Magistrate Judge Peck correctly granted Defendant's motion for summary judgment on Plaintiff's breach of contract claims. *See* Report at 50-51. As stated in the Report, payment of any termination benefits was contingent upon Plaintiff's execution of the Separation Agreement. Report at 50. Because Plaintiff did not sign the Agreement, he was not eligible to receive any termination benefits. *Id.* at 50-51. Plaintiff's breach of contract claims are accordingly dismissed.

---

[5] To establish a prima facie retaliation claim, a plaintiff must provide sufficient evidence to permit the fact-finder to conclude that: (1) the plaintiff engaged in protected activity under the anti-discrimination statutes, (2) the employer was aware of such activity, (3) the employer took adverse action against the plaintiff, and (4) there exists a causal connection between the plaintiff's protected activity and the employer's adverse action. *See* Report at 37-38 (citing *Fincher v. Dep. Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010)).

[6] In his objections, Plaintiff maintains that he was not an exempt employee because he was not a "highly skilled" technical employee. *See* Pl. Objections at 10-12. However, the record, including Plaintiff's Complaint and Affidavits, directly contradicts Plaintiff's objection. *See* Report at 45-46.

## Conclusion

Defendant's Motion for Summary Judgment is GRANTED dismissing Plaintiff's Complaint.

The Clerk of Court is directed to close the motions at ECF Nos. 70, 98, and this case.

Dated: New York, New York
       August 13, 2014

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge